UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN VOLPE *individually and on behalf of others similarly situated*,

Plaintiff,

v.

AMERICAN LANGUAGE COMMUNICATION CENTER, INC. (d/b/a AMERICAN LANGUAGE COMMUNICATION CENTER), JEAN PACHTER, and PETER PACHTER,

Defendants.

**15 CV 6854 (GBD)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
(212) 583-9600

*Attorneys for Defendants*

## PRELIMINARY STATEMENT

Defendants American Language Communication Center, Inc. (D/B/A American Language Communication Center) ("ALCC"), Jean Pachter, and Peter Pachter (collectively "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the First Amended Complaint ("Amended Complaint"), (docket no. 22), pursuant to Fed. R. Civ. P. 12(b)(6).[1]

Plaintiff John Volpe ("Plaintiff") brings this Action on behalf of himself and all others similarly situated seeking alleged unpaid wages pursuant to the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, §§ 190, *et seq.* ("NYLL"). Plaintiff also brings related claims for alleged violations of the recordkeeping, wage-statement, and wage-notice provisions of the NYLL.

Plaintiff's Amended Complaint, on its face, fails to state a claim upon which relief can be granted. Teachers are exempt as a matter of law from all of the relevant provisions of the FLSA and NYLL, and Plaintiff admits in his pleading that he worked for ALCC as a teacher.

Defendants previously moved to dismiss the original complaint on these same grounds. (Docket Nos. 14-16.) Instead of opposing the motion, Plaintiff filed an Amended Complaint, which asserts only a handful of new allegations, and effectively concedes that Plaintiff is exempt so long as ALCC meets the standard of an "educational establishment" under U.S. Department of Labor Regulations. (*See* Am. Compl. ¶¶ 28-32.) Accordingly, this is the only disputed issue before the Court. As described in detail below, ALCC clearly meets the definition of an "educational establishment" under governing law, and therefore Plaintiff's Amended Complaint must be dismissed with prejudice.

---

[1] While oral argument will likely be unnecessary given the nature of the present motion, Defendants nonetheless request the opportunity to be heard should the Court determine that oral argument is appropriate.

## RELEVANT FACTS

The following facts are taken from Plaintiff's Amended Complaint, and are assumed true for present purposes.[2]

Plaintiff is a former employee of ALCC, where he "was primarily employed as a teacher of English as a second language."[3] (Amended Complaint, ("Am. Compl."), attached to the Attorney Declaration as Exhibit A, ¶¶ 5, 35, 38.) ALCC paid him between $15 and $17 per hour for "the time he spent teaching in class."[4] (Am. Compl. ¶ 45). Plaintiff alleges, however, that he was not paid for the approximately 15 hours per week he spent working outside the classroom on tasks "integral" to his job as a teacher, such as "preparing for his weekday classes, preparing quizzes, attending meetings, and correcting exams." (Am. Compl. ¶¶ 41, 43, 46, 52.) Plaintiff alleges that this unpaid time brought his effective rate of pay below the minimum wage, (Am. Compl. ¶ 53; *see id.*, ¶¶ 52, 54, 72, 82), and that he is entitled to overtime pay that he never received, (Am. Compl. ¶¶ 76, 86).

Plaintiff further claims that ALCC did not provide him at the time of his hire, or with his biweekly paychecks, a statement of his rate of pay, hours worked, and other information as required by the NYLL. (Am. Compl. ¶¶ 48-49, 51, 57, 62-63, 91, 94.) Plaintiff also alleges that ALCC's recordkeeping system did not permit Plaintiff to log his extra-classroom working hours,

---

[2] Defendants assume the alleged facts are true solely for the purposes of this motion, and reserve all rights to contest the veracity of any and all allegations asserted by Plaintiff in this action.

[3] Plaintiff alleges that ALCC and Jean and Peter Pachter were joint employers. (Am. Compl. ¶¶ 20-27.) While this allegation is wholly without merit and dismissible at the pleading stage, it need not be resolved in order to dismiss all of Plaintiff's claims. As Plaintiff is a teacher, he is exempt from the relevant provisions of the FLSA and NYLL regardless of Defendants' status as joint employers.

[4] ALCC paid Plaintiff $15 per hour for weekday work, and $17 per hour for weekend work. (Am. Compl. ¶ 45).

and that ALCC failed to post employee wage and overtime notices. (Am. Compl. ¶¶ 47, 50, 55-56.)

ALCC is licensed and accredited English as a second language ("ESL") school located at 229 West 36th Street in Manhattan. (*See* Am. Compl. ¶¶ 3-5, 14, 20.) ALCC is licensed by the New York State Education Department, (*see* Record for American Language Communication Center, Inc., Bureau of Proprietary School Supervision, New York State Education Department, (available at: http://eservices.nysed.gov/bpss/bpsspublic/BPSSPublicSearch.do), attached to the Attorney Declaration as Exhibit B), and has been accredited by the Commission on English Language Accreditation ("CEA") since 2013, (*see* Records for American Language Communication Center, The Database of Accredited Postsecondary Institutions and Programs, U.S. Department of Education, (available at: http://ope.ed.gov/accreditation/InstAccrDetails.aspx), attached to the Attorney Declaration as Exhibit C). The CEA has been recognized by the U.S. Department of Education as an approved national accrediting organization since 2003. (*See* Records for Commission on English Language Program Accreditation, U.S. Department of Education, (available at: http://ope.ed.gov/accreditation/ViewAgencyInfo.aspx), attached to the Attorney Declaration as Exhibit D.) [5]

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

[5] Exhibits B through D are public documents issued by New York State and Federal government agencies, and are available on the agencies' respective websites. The Court is permitted to take judicial notice of such public documents on a motion to dismiss, even though the documents were not a part of the pleadings. *See, e.g., Gale v. Smith & Nephew, Inc.*, 989 F. Supp. 2d 243, 246 n.2 (S.D.N.Y. 2013); *see also* Fed. R. Evid. 201. Defendants therefore respectfully request that the Court take judicial notice of the content of the documents marked as Exhibits B through D.

U.S. 544, 570 (2007). The complaint must consist of more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; instead, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal citations omitted). Put simply, a complaint containing nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" must be dismissed. *Id.* at 1949 (citations omitted).

## II. PLAINTIFF IS EXEMPT FROM THE FLSA

As a teacher, Plaintiff is exempt from the FLSA's minimum wage and overtime provisions. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.600(e), 541.303(d); *Tongring v. Bronx Community College,* No. 12 Civ. 6854(ALC)(FM), 2014 WL 463616, *2 (S.D.N.Y. Feb 4, 2014)(dismissing the exempt plaintiff-teacher's FLSA and NYLL claims at the pleading stage); *Franklin v. Breton Intern., Inc.*, No. 06 Civ. 4877(DLC), 2006 WL 3591949, *2-*3 (S.D.N.Y. Dec. 11, 2006)(dismissing the teacher-plaintiff's claims and collecting cases on the wide breadth of teachers and instructors who qualify for the exemption).

The FLSA excludes from its reach "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). Under regulations interpreting the FLSA promulgated by the U.S. Department of Labor, the term "'employed in a bona fide professional capacity' . . . also means ***any employee with a primary duty of teaching***, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment . . . ." 29 C.F.R. §§ 541.303(a) (emphasis added).

To determine whether Plaintiff falls under this exemption, the Court must determine (1)

whether Plaintiff was a teacher, and (2) whether ALCC is an "educational establishment" as defined by the regulations. *Franklin*, 2006 WL 3591949 at *2-*4; *Bretton v. Compass Career Mgmt., LLC,* No. 13-663, 2015 WL 349270, *1 (E.D.La. Jan 26, 2015).

An individual's "primary duty" under the teacher exemption means "the principal, main, major, or most important duty that the employee performs." 29 C.F.R. § 541.700. "Employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." *Franklin*, 2006 WL 3591949 at *3 (quoting 29 C.F.R. § 541.700).

An entity is considered an "educational establishment" if it is "licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools." 29 C.F.R. § 541.204(b); *Franklin,* 2006 WL 3591949, at *3-*4 (recognizing the defendant career school as an "educational establishment" because it was licensed by the New York State Education Department, and accredited by a national accrediting organization); *Bretton,* 2015 WL 349270 at *5 (licensed and accredited); *Gonzalez v. New England Tractor Trailer Training School*, 932 F.Supp 697, 701 (D. Md. 1996); Wage and Hour Opinion Letter, FLSA2008-9, 2008 WL 4906284, *2 (U.S. Department of Labor, Oct. 1, 2008)(recognizing a cosmetology school as an "educational establishment because it is accredited by the NACCAS, a nationally recognized accrediting commission for cosmetology schools."); Wage and Hour Opinion Letter, FLSA2006-41, 2006 WL 3406601, *2 (U.S. Department of Labor, Oct. 26, 2006)(designating a school as an "educational establishment because it is accredited by the ACCSCT, a nationally recognized accrediting organization for career schools.") In making this determination, "no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit." 29 C.F.R. § 541.204(b).

Additionally, unlike the FLSA's more general administrative, executive, and professional exemptions, the teacher exemption does not contain a minimum-salary or salary-basis test. 29 C.F.R. §§ 541.303(d), 541.600; *Tongring,* 2014 WL 463616, at *2; *Franklin,* 2006 WL 3591949, at *4; Wage and Hour Opinion Letter, FLSA2005-34, *1 (U.S. Department of Labor, Sept. 23, 2005); Fact Sheet No. 17D, Wage and Hour Division, U.S. Department of Labor (available at: http://dol.gov/whd/overtime/fs17d_professional.htm).

A. **The First Prong: Plaintiff is Teacher**

The facts alleged in the Amended Complaint establish the first prong of the test, *viz.* Plaintiff admits he is a teacher of English as a second language. (Am. Compl. ¶¶ 5, 35, 38.) He states that he was employed "primarily" as a teacher. (*Id.* ¶ 5.) He alleges that he worked "teaching in the class" and "preparing for his weekday classes, preparing quizzes, attending meetings, and correcting exams" – tasks that Plaintiff characterizes as "integral" to his job as a teacher. (Am. Compl. ¶¶ 41, 43, 46, 52.) Plaintiff alleges that aside from the 29-32 hours he spent each week in the classroom with students, he spent as much as 15 additional hours per week on related, "integral" tasks. (Am. Compl. ¶¶ 41, 43.) It is evident from these alleged facts that teaching represented "the principal, main, major, or most important duty that [Plaintiff] perform[ed]," and therefore was his "primary duty." *See* 29 C.F.R. § 541.700.

B. **The Second Prong: Defendant is an "Educational Establishment"**

The second prong of the test is also satisfied: ALCC is indisputably an "educational establishment." ALCC is licensed by the New York State Educational Department, (Exhibit B), and accredited by the CEA, (Exhibit C), a national educational accrediting body recognized by the U.S. Department of Education, (Exhibit D). Where an entity meets these requirements for licensure and accreditation, it is, as a matter of law, considered an "educational establishment" under the teacher exemption regulations. *Franklin,* 2006 WL 3591949, at *3-*4 (recognizing the

defendant school as an "educational establishment" because it was licensed by the New York State Education Department, and accredited by a national accrediting organization); *Bretton,* 2015 WL 349270 at *5; *Gonzalez*, 932 F.Supp at 701; Wage and Hour Opinion Letter, 2008 WL 4906284 at *2; Wage and Hour Opinion Letter, 2006 WL 3406601 at * 2.

The newly asserted allegations in the Amended Complaint futilely attempt to cast doubt on this inescapable conclusion. In his Amended Complaint, Plaintiff alleges the following new material "facts" in an unsuccessful bid to place ALCC's status as an "educational establishment" into question:

- ALCC does not issue educational degrees, professional licenses, continuing education credits, or other "tangible benefits" to its students, (Am. Compl. ¶¶ 28-29);
- ALCC teachers are not required to hold teaching certificates, degrees, or licenses, and are not required to have completed any teaching coursework, (Am. Compl. ¶ 30);
- ALCC became accredited in 2013 as a postsecondary, non-degree granting institution, (Am. Compl. ¶ 31); and
- ALCC's license from the New York State Education Department was under "alternative licensing requirements not subject to all of the licensing standards and requirements of the Regulations of the Commissioner of Education," (Am. Compl. ¶ 32).

These new allegations are either false or have no affect ALCC's clear status as an "educational establishment." Each allegation is addressed below.

1. *The Issuance of Degrees and/or Licenses*

Even if we assume for present purposes that ALCC does not grant degrees or professional licenses, ALCC would still be considered an "educational establishment." *See Wilks v. D.C.*, 721 F. Supp. 1383, 1386 (D.D.C. 1989) (That an institution does not confer degrees is not "fatal to a

determination that the educational programs . . . constitute an educational institution, or school."). In every case where a defendant was ***either*** licensed ***or*** accredited or both (as ALCC is), the court found that the school was an "educational establishment" under the regulatory definition. *See Franklin,* 2006 WL 3591949, at *3-*4; *Bretton,* 2015 WL 349270 at *5; *Gonzalez*, 932 F.Supp at 701. The result is the same in administrative determinations by the US Department of Labor, which is tasked with interpreting the FLSA. *See* Wage and Hour Opinion Letter, 2008 WL 4906284 at *2; Wage and Hour Opinion Letter, 2006 WL 3406601 at * 2. Indeed, licensure and accreditation are the only factors specified in the FLSA regulations. 29 C.F.R. § 541.204(b).

In support of their position that ALCC is not an educational establishment, Plaintiff is likely to argue that the Court can consider other factors in determining ALCC's status as an educational establishment, such as whether Defendant issues degrees or requires teachers to be certified. Plaintiff cites to *Astor v. U.S.*, 79 Fed. Cl. 303 (2007) in support.

It may be true that the Court can consider these other factors, but ***only in cases where the enumerated regulatory factors (i.e. accreditation and licensure) are not met***. In other words, while these factors can expand the definition of what qualifies as an educational establishment, they cannot narrow that definition contrary to the applicable regulations. Plaintiff's interpretation would require the Court to ignore the enumerated regulatory factors and disregard them in favor of other factors not found in the regulations.

As one District Court noted, factors outside of the two expressly set forth in 29 C.F.R. § 541.204(b) are only used to determine an entity's status where it was "neither licensed nor accredited." *Escobedo v. Construction Laborers' Educ., Training and Apprenticeship Fund,* 2012 WL 4838880, *5 (D. Minn. Oct. 11, 2012). And in such cases, the additional factors were

used to find that an entity was "essentially a school" and therefore an "educational establishment." *Id.* (citing *Wilks v. D.C.*, 721 F. Supp. 1383 (D.D.C. 1989)). The additional factors may not strip an educational establishment of its status where it already met the enumerated factors of licensure and accreditation. *See id.*

The *Astor* case cited by Plaintiff is no different. There, the defendant was neither licensed, nor accredited by a "nationally recognized accrediting organization for career schools," as set forth in the regulations. The court examined the other factors to see if the defendant met the definition, ***notwithstanding*** the fact that the express provisions of the regulations were not met. *Astor*, 79 Fed. Cl. at 316-18.

Apart from undermining the express terms of the regulations, Plaintiff's approach would necessarily exclude countless institutions that the regulations were designed to include as "educational establishments." For example, the Department of Labor has stated its position that teachers at kindergarten or nursery schools, gifted and talented programs, automobile driving schools, home economics programs, as well as vocal or instrumental music instructors are all properly treated as exempt under the regulations. *See, e.g.,* Department of Labor Field Operations Handbook, § 22d06 (Rev. 661). None of these entities issue degrees or licenses, yet their teachers are nonetheless exempt.

The regulations specify two factors to consider in determining whether an institution is an "educational establishment": licensure and accreditation. ALCC meets both. Whether or not it also grants degrees is of no moment.

2. *Teacher Qualifications*

Plaintiff's allegation that ALCC teachers are not required to hold degrees or meet other qualifications is both irrelevant and false. Department of Labor regulations state that "a teacher's certificate is not generally necessary for employment in . . . educational establishments.

Therefore, a teacher who is not certified may be considered for exemption, provided that such individual is employed as a teacher by the employing school or school system." 29 C.F.R. § 541.303(c). Plaintiff admits in his Amended Complaint that he is employed by ALCC as a teacher. (Am. Compl. ¶¶ 5, 35, 38.) Therefore, whether he must be separately certified is irrelevant. 29 C.F.R. § 541.303(c).

Moreover, under its license with the New York State Education Department, ALCC must require that its teachers hold a bachelor's degree or equivalent, and complete either an ESL training program recognized by the department or one year of experience teaching in an ESL program. 8 NYCRR § 126.10(j)(3)(iii).

Regardless, for the reasons set forth in subsection II.B.1 above, the Court need not consider the minimum qualifications for ALCC teachers as ALCC has established that it is licensed and accredited, and therefore an "educational establishment."

3. *ALCC Accreditation*

Plaintiff admits in the Amended Complaint that ALCC is accredited. (Am. Compl. ¶ 31.) This accreditation was issued by a national educational accrediting body recognized by the U.S. Department of Education. (Exhibits C-D.) This fact alone establishes ALCC as an "educational establishment" and ends the inquiry. *See* 29 C.F.R. § 541.204(b); *Franklin,* 2006 WL 3591949, at *3-*4; *Bretton,* 2015 WL 349270 at *5.

Plaintiff's admission suggests that ALCC's accreditation is somehow qualified because it is a "postsecondary, non-degree granting institution." (Am. Compl. ¶ 31.) As discussed above, there is no authority requiring that an entity grant degrees before it may be considered an "educational establishment." *See Wilks v. D.C.*, 721 F. Supp. 1383, 1386 (D.D.C. 1989) (That an institution does not confer degrees is not "fatal to a determination that the educational programs . . . constitute an educational institution, or school.").

4. *ALCC's Licensure*

Plaintiff also admits in the Amended Complaint that ALCC is licensed by the New York State Education Department. (Am. Compl. ¶ 32.) As with Plaintiff's admission regarding accreditation, its admission that ALCC is licensed, alone, affirms the school's status as an "educational establishment." *See* 29 C.F.R. § 541.204(b); *Franklin,* 2006 WL 3591949, at *3-*4; *Bretton,* 2015 WL 349270 at *5.

Plaintiff nevertheless alleges that ALCC is operating under "alternative licensing requirements [] not subject to all of the licensing standards and requirements of the Regulations of the Commissioner of Education." (Am. Compl. ¶ 32.) This allegation is both misleading and irrelevant. As Plaintiff admits, and as Exhibit B demonstrates, ALCC is licensed by the State's Education Department. If ALCC did not meet "the licensing standards and requirements . . . of the Commissioner," it would not be licensed.

The new allegation in paragraph 32 of the Amended Complaint presumably refers to section 126.10(j) of the Departmental regulations, which is entitled "Alternative licensing requirements for nonpublicly funded ESL schools." 8 NYCRR § 126.10(j). This section sets forth licensing requirements for private ESL schools that differ from the requirements of other Licensed Private Career Schools. *See* 8 NYCRR § 126.10(j)(1)(i). The fact that the Education Department creates different licensing requirements for different types of educational institutions has no bearing on the present analysis. The FLSA regulations do not prescribe the licensing criteria that state agencies must use; they leave that for the states to decide. *See* 29 C.F.R. § 541.204(b). The sole question is whether the entity "is licensed by a state agency responsible for the state's educational system." *Id.* It cannot be disputed that ALCC is so licensed.

Moreover, the licensing requirements for private ESL schools are both substantial and rigorous. For example, they require departmental review and approval of an ESL school's

enrollment agreements, curricula, tuition refund policies, educational and administrative policies, mandated disclosures, facilities and equipment standards, revenue statements, and the school's minimum licensing and/or qualification standards of all directors, school agents and teachers. 8 NYCRR § 126.10(j)(2)(i)(b)(1)-(8). The licensing requirements also regulate the school's record retention and maintenance protocols, advertising, and student disciplinary policies, and subject the school to unscheduled inspections by the Education Department. 8 NYCRR § 126.10(j)(1)(iii); (j)(7)-(10).

Plaintiff's suggestion in the Amended Complaint that these requirements are not adequate under the FLSA regulations is without merit. ALCC is licensed by the New York State Education Department: the specific criteria for obtaining licensure is irrelevant. Plaintiff admits this fact in his pleading, and it is confirmed by the attached record from the State Education Department. ALCC is therefore an "educational establishment" under 29 C.F.R. § 541.204(b), and its teachers are exempt from the FLSA.

## III. PLAINTIFF IS EXEMPT FROM THE NYLL

As a teacher, Plaintiff also is exempt from the minimum wage and overtime provisions of the NYLL.

### A. Plaintiff is Exempt from the NYLL Overtime Requirements

The NYLL provides overtime protections similar to those afforded by the FLSA. *Reiseck v. Universal Commc'ns of Miami*, 591 F.3d 101, 105 (2d Cir. 2010). The NYLL overtime regulations do not apply to employees exempt under the FLSA. 12 NYCRR § 142-2.2 (incorporating the FLSA exemptions by reference); *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 145 (2d Cir.2013). Courts therefore apply New York's overtime rules in the same manner as under the FLSA. *Marcus v. AXA Advisors*, LLC, 307 F.R.D. 83, 94 (E.D.N.Y. 2015); *Gorey v.*

*Manheim Servs. Corp*., 788 F.Supp.2d 200, 205 (S.D.N.Y.2011).

As discussed above, Plaintiff is exempt under the FLSA. Therefore, he is likewise exempt under the NYLL overtime provisions. 12 NYCRR § 142-2.2; *Gold*, 730 F.3d at 145; *Franklin*, 2006 WL 3591949 at *4. Plaintiff's fourth cause of action for overtime payments under the NYLL must be dismissed in its entirety.

B. **Plaintiff is Exempt from the NYLL Minimum Wage Requirements**

The minimum wage provisions of the NYLL also do not apply to Plaintiff. Much like the FLSA, the NYLL minimum wage regulations do not cover individuals who are employed "in a bona fide executive, administrative, or professional capacity." N.Y. Lab. L. § 651(5); *see* 12 NYCRR § 142-2.14.

Under the relevant regulations, one working in his or her "professional capacity" means an individual:

> (a) whose primary duty consists of the performance of work: requiring the knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study . . . and;
>
> (b) whose work requires the consistent exercise of discretion and judgment in its performance; or
>
> (c) whose work is predominantly intellectual and varied in nature (as opposed to routine mental, manual, mechanical or physical work) . . . .

12 NYCRR § 142-2.14(c)(4)(iii).

This language defining the professional exemption in the New York regulations is virtually identical to that used in the federal regulations. *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 187 (E.D.N.Y. 2004)(comparing 12 NYCRR § 142-2.14(c)(4)(iii) with 29 C.F.R. § 541.301(a)).

Determining whether New York's professional exemption applies involves a two-prong

test: (1) whether the employee's primary duty requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, and (2) the work must involve discretion and judgment *or* be primarily intellectual in nature. Under the facts alleged in the Complaint, Plaintiff easily meets these criteria.

First, as discussed above, the facts alleged by Plaintiff establish that his "primary duty," at ALCC was teaching. The New York Department of Labor has opined that (1) teaching is a "field of science or learning" under the exemption, *see* Professional Employee Overtime Exemption FAQ, New York Department of Labor, (available at https://labor.ny.gov/legal/counsel/pdf/professional-employee-overtime-exemption-frequently-asked-questions.pdf). Indeed, although the NYLL does not include a specific exemption for teachers, as does the FLSA, the New York State Department of Labor has determined that teachers fit within New York's professional exemption. *See* New York State Department of Labor Opinion Letter, RO-09-0107 (Oct. 2, 2009).

With respect to the second prong of the test, Plaintiff admits in his Complaint that his job "required some discretion and independent judgment." (Am. Compl., ¶ 39); *see also* Wage and Hour Opinion Letter, FLSA2008-11 (U.S. Department of Labor, Dec. 1, 2008) (stating that teaching, "by its very nature" involves discretion and judgment). Plaintiff's work as a teacher, including the attendant tasks of preparing for class and correcting exams, is predominantly intellectual and varied in nature, in contrast with work that is routine mental or manual work.[6]

Finally, like the federal teacher exemption, New York's professional exemption does not have a minimum-compensation test. *Compare* 12 NYCRR §§ 142-2.14(c)(4)(i)-(ii) *with* 142-

---

[6] If Plaintiff's teaching responsibilities were "routine" then he would not have to spend so much of his alleged time preparing for class and authoring tests and quizzes.

2.14(c)(4)(iii); *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 187 (E.D.N.Y. 2004).

Plaintiff's own allegations here are fatal for his NYLL claims, just as it was for his FLSA claims. Because he is exempt as a teacher, his third and fourth causes of action for overtime and minimum wage payments under the state law must be dismissed.

C. **Plaintiff's Remaining NYLL Claims are Barred**

Plaintiffs fifth and sixth causes of action alleging violations of the state rules pertaining to the provision of wage statements and wage notices are barred as a matter of law.

The requirements of NYLL § 195, under which these alleged violations fall, are only enforceable where the employer fails to make "complete and timely payment of all wages due . . . ." N.Y. Lab. L. § 198. Because Plaintiff is exempt from the NYLL wage and overtime provisions, there are no wages due to Plaintiff. Plaintiff's fifth and sixth causes of action must therefore be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint must be dismissed with prejudice in its entirety.

Date: November 18, 2015
New York, New York

*/s/ Sean A. Malley*

Jean L. Schmidt
Andrew M. Spurchise
Sean A. Malley
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendants*