UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                      :

JOHN VOLPE *individually and on behalf*    :
*of others similarly situated*,                           :

              Plaintiff,                            :        **15 CV 6854 (GBD)**

                  v.                                   :

AMERICAN LANGUAGE                   :
COMMUNICATION CENTER, INC. (d/b/a  :
AMERICAN LANGUAGE                   :
COMMUNICATION CENTER), JEAN        :
PACHTER, and PETER PACHTER,         :

             Defendants.                       :
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
(212) 583-9600

*Attorneys for Defendants*

Defendants American Language Communication Center, Inc. (D/B/A American Language Communication Center) ("ALCC"), Jean Pachter, and Peter Pachter (collectively "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the First Amended Complaint ("Amended Complaint"), (docket no. 22), pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff concedes that there is only one question at issue with respect to his FLSA claims: whether ALCC is an "educational establishment" under 29 C.F.R. § 541.204(b).[1] Because ALCC plainly qualifies under the express terms of the regulations, Plaintiff is an exempt employee as a matter of law and his claims must be dismissed.

The U.S. Department of Labor ("DOL") has established two factors to consider in making this determination: (1) whether the entity is "licensed by a state agency responsible for the state's educational system," *or* (2) whether it is "accredited by a nationally recognized accrediting organization." 29 C.F.R. § 541.204(b). Meeting ***either one*** of these factors will designate a school as an "educational establishment." ALCC satisfies both. It is licensed by the New York State Education Department (a state agency responsible for the state's educational system), and it is accredited by the Commission on English Language Program Accreditation, which is a national accrediting agency recognized by the U.S. Department of Education. It is beyond dispute that ALCC meets the definition of an "educational establishment" as articulated by the DOL – the entity charged with formally interpreting FLSA regulations. These factors are entitled to judicial deference, and Plaintiff's claims must be dismissed.

Plaintiff asks this Court to ignore the two factors expressly established by the DOL, and

---

[1] Plaintiff states in his opposition to the present motion, "if ALCC is an educational establishment, [Plaintiff's] job functions qualify him as a teacher and he therefore would be an exempt employee." (Pl.'s Opp. at 5 n. 1.)

2

instead focus on additional factors developed by the courts in interpreting the regulations, which courts examine *only if* the two factors set forth in the regulation do not apply, as they do here. That is, the additional factors used by some courts to determine whether an entity is an educational establishment has only been used to *expand* upon the definition of educational establishment as defined under the regulations, not to exclude otherwise covered establishments. Plaintiff's proposed approach would not only eviscerate the regulations, but also severely undermine the purpose and scope of the teacher exemption established by Congress.

Plaintiff also makes the incredible assertion that ALCC should not be considered an "educational establishment" because English as a Second Language ("ESL") instruction does not confer its students with skills to help develop their careers. This argument is, on its face, without merit, in a city and country where immigrants arrive on a daily basis seeking economic opportunity. ALCC is a recognized post-secondary career program whose *very purpose* is to advance the careers of its students through English instruction. It is even licensed under the State regulations governing private career schools.

Finally, Plaintiff's argument that his position as a teacher is not exempt under the New York Labor Law ("NYLL") ignores both a plain reading of the statute and explicit determinations by the New York State Department of Labor to the contrary.

Defendants' motion should be granted, and Plaintiff's Amended Complaint dismissed in its entirety.

## REPLY ARGUMENTS

### I. ALCC IS AN EDUCATIONAL ESTABLISHMENT

ALCC is licensed by the New York State Education Department (Defs' Exhibit B), and it is accredited by the Commission on English Language Program Accreditation ("CEA") (Defs' Exhibit C), a national accrediting agency recognized by the U.S. Department of Education

("DOE") (Defs' Exhibit D).  These undisputed facts alone end this Court's inquiry.  If ALCC met just one of the DOL's two disjunctive regulatory factors, *viz.* licensure or accreditation, Plaintiff would be exempt.  ALCC meets both.  Plaintiff's claims must be dismissed.

Plaintiff does not dispute that ALCC is accredited by CEA.  Rather, he attempts to undermine the import of the accreditation by making conclusory statements that the CEA is an inadequate accrediting body.  In doing so, however, Plaintiff ignores that CEA is *the* national accrediting body for postsecondary ESL programs, and it is recognized by the U.S. Department of Education. (Defs' Exhibit D).

Plaintiff also does not dispute that ALCC is licensed by the New York State Education Department.  Plaintiff does not dispute that ALCC is indeed the state agency responsible for the state's educational system as required by the regulations.  Instead, he attacks **the agency's** licensing requirements as inadequate.  However, the sufficiency of the State's licensing requirements is an issue to take up with the New York State Education Department, not an issue before this Court.  The DOL regulations do not prescribe the minimum standards for licenses issued to "educational establishments," they merely require that the school be licensed by the agency "responsible for the state's educational system," and defer the specifics of the licensing requirements to the appropriate state agency.  29 C.F.R. § 541.204(b).  Further, as set forth in detail in Defendants' opening memorandum of law, the State licensing requirements for ESL schools are both substantial and rigorous. (Defs' Mot. at 12-13.)  Plaintiff's argument that these requirements are inadequate or substandard is unfounded and irrelevant.

Therefore, under **both** prongs of the regulations, when only *one* is required, ALCC is an educational establishment as defined by the regulations, Plaintiff is exempt, and his claims must be dismissed.

### A. Plaintiff's Request That the Court Rely on Other Factors Should Be Rejected.

Notwithstanding that ALCC satisfies both DOL factors, Plaintiff insists that the Court ignore these factors and permit them to be eclipsed by additional factors developed by the courts in construing the regulations that have not been recognized by the DOL or incorporated into the FLSA regulations.

However, factors outside of the two expressly set forth in 29 C.F.R. § 541.204(b) are only used to determine an entity's status where it was "neither licensed nor accredited."[2] *Escobedo v. Construction Laborers' Educ., Training and Apprenticeship Fund,* 2012 WL 4838880, *5 (D. Minn. Oct. 11, 2012). And in such cases, the additional factors were used to find that an entity was nevertheless an "educational establishment," not strip it of that status. *See, e.g., Wilkes,* 721 F. Supp. at 1386.

The Courts in this District that have addressed this issue focused solely on the two factors established by the DOL. *See Tongring v. Bronx Community College,* No. 12 Civ. 6854(ALC)(FM), 2014 WL 463616, *2 (S.D.N.Y. Feb 4, 2014); *Franklin v. Breton Intern., Inc.*, No. 06 Civ. 4877(DLC), 2006 WL 3591949, *2-*3 (S.D.N.Y. Dec. 11, 2006). Plaintiff's suggestion that these cases considered other factors is a misrepresentation of those decisions. (Pl.'s Opp. at 9-10.) For example, the court stated in *Franklin*:

> [Defendant] is an educational establishment; it is a post-secondary career program that is licensed by the New York State Education Department and is accredited by the Accrediting Commission of Career Schools and Colleges of Technology.

*Franklin,* 2006 WL 3591949, at *4.

---

[2] Tellingly, Plaintiff fails to address this argument in his opposition.

Similarly, the *Bretton* court held the following:

> [Defendant] is both licensed by a state agency responsible for the state's educational system and accredited by a nationally recognized accrediting organization for career schools. Accordingly, there is no genuine issue of material fact that defendant operates an "educational establishment" within the meaning [of] 29 C.F.R. § 541.204(b).

*Bretton,* 2015 WL 349270 at *5.

In support of his proposed focus on other factors, Plaintiff cites one case: *Astor v. United States,* 79 Fed. Cl. 303 (2007). Notably, it is the only case cited by Plaintiff where a court, presented with such a question, did not recognize the defendant as an "educational establishment." There, the court examined the other non-regulatory factors because the defendant **had not met** the two DOL factors. *Astor*, 79 Fed. Cl. at 316-18. That is not the case here. ALCC meets both of the two DOL factors. *Astor* has no application to this case.

In every case where a defendant was **either** licensed **or** accredited or both (as ALCC is), the court found that the school was an "educational establishment" under the regulatory definition. *See, e.g., Franklin,* 2006 WL 3591949, at *3-*4; *Bretton,* 2015 WL 349270 at *5; *Gonzalez*, 932 F.Supp at 701. The result is the same in administrative determinations by the DOL. *See* Wage and Hour Opinion Letter, 2008 WL 4906284 at *2; Wage and Hour Opinion Letter, 2006 WL 3406601 at * 2. Because ALCC meets this test, Plaintiff's teaching position is exempt.[3]

---

[3] The additional factors proposed by Plaintiff are irrelevant to the present inquiry. Even if ALCC did not grant certificates or degrees, it would still be an "educational establishment." That an institution does not confer degrees is not "fatal to a determination that the educational programs . . . constitute an educational institution, or school." *Wilkes,* 721 F. Supp. at 1386. If the DOL intended the issuance of degrees or certificates to be a factor in an entity's status as an "educational establishment," it could have done so. It did not. *See* 29 C.F.R. § 541.204(b). The Court need not and should not address this factor in its analysis.

Plaintiff also contends that "ALCC does not require its instructors to possess teaching credentials." (Pl.'s Opp. at 12.) This is false. ALCC does impose such requirements. Defendants previously set forth, in detail, the credentials that the State's regulations require ALCC teachers to possess. (*See* Defs' Mot. at 11.) Specifically, the teachers must hold a bachelor's degree or equivalent, and complete either an ESL training program recognized by the department or one year of experience teaching in an ESL program. 8 NYCRR § 126.10(j)(3)(iii). Moreover,

**II.     ALCC IS A POST-SECONDARY CAREER PROGRAM**

Plaintiff argues that ALCC is not an "educational establishment" by suggesting that it is not a "post-secondary career program" under the regulations. This assertion is false.

The subject regulation reads as follows:

> The term "educational establishment" means an elementary or secondary school system, an institution of higher education or other educational institution. . . . Factors relevant in determining whether **post-secondary career programs** are educational institutions include whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools.

29 C.F.R. § 541.204(b) (emphasis added).

Plaintiff insists, without any basis, that ALCC is not a career program and that it "does not train its enrollees for any career." (Pl.'s Opp. at 6.) The problem with this argument is two-fold. First, it suffers from false logic. Plaintiff argues that even though an entity meets both of the regulation's definitional factors (*i.e.* licensure and accreditation), the entity is not actually the thing that those factors define: a "post-secondary career program" and an "educational establishment." Plaintiff asks the Court to apply a tortured logic that undermines the plain reading and operation of the statute.

Second, ALCC is indeed a post-secondary career program. The New York State Department of Education granted ALCC its license pursuant to section 126.10 of its regulations, which pertains exclusively to the licensure of "private career schools."[4]  *See* 8 NYCRR § 126.10.

---

DOL regulations state that "a teacher who is not certified may be considered for exemption, provided that such individual is employed as a teacher by the employing school or school system." 29 C.F.R. § 541.303(c). Plaintiff's argument that ALCC does not require academic credentials of its teachers is simply not true. Even if it was, examination of this factor is not necessary to the Court's determination. ALCC already meets both of the factors articulated by the DOL.

[4] The private career school regulations also set forth specific licensing requirements for ESL schools. Plaintiff argues that this fact is evidence that ESL schools are ***not*** career schools. This argument is patently without merit. To accept Plaintiff's assertion, one would have to ignore the structure of these regulations.  The Department

7

These licensure requirements specify that $3,000 of an ESL school's license application fee must "accrue to the credit of the proprietary *vocational* school supervision account." *Id.* § 126.10(j)(2)(i)(a) (emphasis added). ALCC is listed in the U.S. Department of Education's "Database of Accredited *Postsecondary* Institutions and Programs." (Defs' Exhibit C.) And, as Plaintiff admits, the CEA accredits "post-secondary" ESL programs. (Pl.'s Opp. at 11.). Like many similar career programs, ALCC caters to enrollees who have finished their formal secondary education, and seek the next step advance their careers through the development of their English reading and writing skills. Plaintiff can hardly dispute that command of the English language is one of the most fundamental skills to virtually any career in the United States.

As noted in Defendants' original memorandum of law, the DOL and courts interpreting the regulations have taken the position that its definition of "educational establishments" encompasses a broad array of educational institutions. For example, teachers at kindergarten or nursery schools, gifted and talented programs, automobile driving schools, home economics programs, as well as vocal or instrumental music instructors are all properly treated as exempt under the regulations. *See, e.g.,* Department of Labor Field Operations Handbook, § 22d06 (Rev. 661); *see also Wilkes,* 721 F. Supp. at 1386 (holding that a general education program for prisoners was an educational institution under the regulations, as it was "essentially a school."). To arbitrarily excise post-secondary ESL schools from this definition would be counter to DOL policy. Particularly in light of the broad scope of the definition intended by the DOL, ALCC is a licensed and accredited post-secondary career program for ESL students covered by the federal regulations.

---

inserted the regulatory requirements for ESL schools within section 126.10 -- the same section as other types of career schools. That the State has decided to require further and different licensure requirements for ESL career schools is of no moment. They are still career schools.

### III. PLAINTIFF IS EXEMPT FROM THE NYLL

As explained in Defendants' prior memorandum, Plaintiff's teaching position is also exempt under the New York Labor Law ("NYLL"). (*See* Defs' Mot. at Section III); *see also* N.Y. Lab. L. § 651(5); 12 NYCRR §§ 142-2.2, 142-2.14(c)(4)(iii). Plaintiff's state claims are therefore subject to dismissal in their entirety.

Plaintiff's sole argument in support of his NYLL claims states that "[t]here is no evidence in the record that Plaintiff was required to have advanced knowledge in any field of science or learning . . . ." (Pl.'s Opp. at 15.) Such evidence is not necessary. Plaintiff admits in his opposition papers that "his job functions qualify him as a teacher." (Pl.'s Opp. at 5, n.1.) The New York Department of Labor has opined that (1) teaching is a "field of science or learning" under the exemption. *See* Professional Employee Overtime Exemption FAQ, New York Department of Labor, (available at https://labor.ny.gov/legal/counsel/pdf/professional-employee-overtime-exemption-frequently-asked-questions.pdf). The Agency has also determined that teachers fall within New York's professional exemption. *See* New York State Department of Labor Opinion Letter, RO-09-0107 (Oct. 2, 2009).

There is no factual dispute before the Court that requires the evidence that Plaintiff insists is missing from the record.[5] Plaintiff's teaching position is exempt as a matter of law and dismissible at the pleading stage.

Further, there *is* evidence that Plaintiff was required to possess "advanced knowledge," namely, the State regulations cited above that set forth the degree requirements for ALCC teachers. *See* 8 NYCRR § 126.10(j)(3)(iii).

Plaintiff's teaching position is exempt under the NYLL. His state law claims must

---

[5] Plaintiff's bolsters this purported lack of evidence by noting that he was "not required to possess a *teaching certificate*." (Pl.'s Opp. at 15.) The exemption does not require certification; it requires "knowledge of an advanced type" – precisely what is required of ALCC teachers under the state regulations. *See* 8 NYCRR § 126.10(j)(3)(iii).

therefore be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's arguments in opposition to Defendants' motion to dismiss the Amended Complaint are without merit, and his claims are dismissible with prejudice in their entirety.

Date:   January 6, 2016
        New York, New York

>                               /s/ Sean A. Malley
>                       Jean L. Schmidt
>                       Andrew M. Spurchise
>                       Sean A. Malley
>                       LITTLER MENDELSON, P.C.
>                       900 Third Avenue
>                       New York, NY  10022.3298
>                       212.583.9600
>
>                       *Attorneys for Defendants*